8 F.3d 809
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
John WELICZKO, Defendant, Appellant.
 No. 93-1185.
 United States Court of Appeals,
First Circuit.
 October 25, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Patricia Ann Grace on brief for appellant.
 A. John Pappalardo, United States Attorney, and Brien T. O'Connor, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges
 Per Curiam.
 
 
 1
 Defendant has appealed from the 40 month sentence imposed after probation was revoked. We summarily affirm the judgment revoking probation and sentencing defendant to forty months imprisonment. First Circuit Rule 27.1.
 
 
 2
 1. Defendant contends that his probation revocation hearing should have been held in Illinois, where defendant was originally released on probation. Defendant is wrong. Jurisdiction over defendant was transferred to the district of Massachusetts pursuant to 18 U.S.C. § 3605. This statute authorized the transferee court (Massachusetts) to conduct the probation revocation hearing and sentence defendant regardless whether the acts constituting the basis for the revocation of probation occurred prior or subsequent to the transfer of jurisdiction.
 
 
 3
 2. We have carefully reviewed the record and the briefs and conclude the appeal is entirely frivolous. The district court's decision to revoke probation and impose a 40 month sentence is well supported by the evidence. Contrary to defendant's argument, defendant's admission of a reporting violation did not require the court to cut off evidence of other probation violations and the court could properly consider evidence that defendant had committed state criminal offenses in determining whether to revoke probation and what sentence to impose.
 
 
 4
 3. All of defendant's motions, including his requests for further briefing time, subpoenas, sealing of probation records, and copies of the PSI and other documents, are denied.
 
 
 5
 4. We do not pass upon defendant's myriad allegations (e.g., that his privacy rights were violated, exculpatory evidence was withheld, property was confiscated, and defendant was mistreated while in custody) which were not developed in the district court and are beyond the proper scope of the present appeal.
 
 
 6
 5. Counsel's motion to withdraw is granted.
 
 
 7
 Affirmed.